IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GULF COAST PHARMACEUTICALS PLUS** | § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:22-cv-263-HSO-RPM |
| **UNITED STATES OF AMERICA** | § § § § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT THE UNITED STATES OF AMERICA'S MOTION [9] TO DISMISS**

BEFORE THE COURT is Defendant the United States of America's Motion [9] to Dismiss Plaintiff Gulf Coast Pharmaceuticals Plus's Complaint [1], which seeks the return of property pursuant to Federal Rule of Criminal Procedure 41(g). This Motion [9] is fully briefed. After due consideration of the Motion [9], the pleadings, and relevant legal authority, the Court finds that Defendant the United States of America's Motion [9] to Dismiss should be granted, and that this civil action should be dismissed with prejudice.

I.  BACKGROUND

The present case arises out of the seizure by Defendant the United States of America ("Defendant" or "the Government") of Plaintiff Gulf Coast Pharmaceuticals Plus's ("Plaintiff" or "GCPP") property from its premises, pursuant to a search warrant issued in a separate criminal case pending in this Court against GCPP's operator, Kenneth Bryan Ritchey ("Ritchey"). *See generally United States v. Kenneth Bryan Ritchey,* Criminal No. 1:21-cr-6-HSO-RPM (S.D. Miss. 2023); Compl. [1] at 2-3. On April 15, 2020, the Government obtained a search warrant (the "first

1

warrant") to search the premises of GCPP for "[a]ll items relating to violations of the statutes listed on the warrant whether printed or electronic format for the period of December 1, 2019, through and including the present." *Id.* at 11; Ex. [1-1] at 64 (sealed). The first warrant found that probable cause existed relating to the hoarding of designated scarce materials, in violation of the Defense Production Act, 50 U.S.C. §§ 4512, 4513 ("DPA"). *Id.* at 1. The alleged criminal scheme identified in the first warrant is referred to as the "PPE scheme." Compl. [1] at 12.

During the first search, the Government seized both physical and electronic property. Mem. [10] at 2. Although certain physical items were removed, the Government imaged all digital data contained on GCPP's computers and security system on site, leaving the devices and original records at the premises in GCPP's possession. *Id.* at 2-3. The Government notes that all property specifically requested by GCPP on the grounds that they were essential and necessary for its business were promptly returned to it, and that no other items were ever specifically requested. *Id.* at 3. The Government further asserts that it provided GCPP with digital copies of the property imaged during the first search on June 2, 2020. *Id.*

On August 18, 2021, the Government obtained a second search warrant (the "second warrant") authorizing the search of electronic data it had seized pursuant to the first warrant, for "fruits, contraband, evidence and instrumentalities of violations of" 18 U.S.C. §§ 1035, 1343, 1347, and 1349, "occurring on or about August 31, 2014 through the date of collection on April 17, 2020," pertaining to "Health Care Fraud, Wire Fraud, Conspiracy, and False Statements relating to

Health Care Matters." Ex. [1-2] at 11 (sealed). The alleged criminal scheme identified in the second warrant is referred to as the "invoice backdating scheme." Compl. [1] at 12.

In this case, GCPP claims that the Government's searches exceeded the scope of the warrants and that GCPP's property should be returned to it pursuant to Rule 41(g). The Government states, and GCPP does not dispute, that it has retained approximately seven banker's boxes of paper records, in addition to electronic copies of data seized pursuant to the first warrant. Mem. [10] at 1-2; Mem. [13] at 1. Notably, the Government has provided GCPP with copies of all seized property still in its possession. *Id.*

Ritchey was ultimately indicted on six counts relating to both the PPE scheme and the invoice backdating scheme. *Id.*; *see* Redact. Sup. Indict. [33], *United States v. Kenneth Bryan Ritchey,* Criminal No. 1:21-cr-6-HSO-RPM (S.D. Miss. Sep. 21, 2021). On March 22, 2023, Ritchey pled guilty to Count 4 of a Superseding Indictment [33], which charged him with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Plea Agree. [136], *United States v. Kenneth Bryan Ritchey,* Criminal No. 1:21-cr-6-HSO-RPM (S.D. Miss. Mar. 22, 2023).

GCPP's Complaint [1] in the present case, filed prior to Ritchey's guilty plea, alleges: (1) that the first search warrant failed to establish probable cause because health and medical resources necessary to respond to the spread of COVID-19 had not been designated as "scarce materials" subject to the DPA until March 30, 2020; (2) that the Government exceeded the temporal scope of the first warrant by seizing

3

electronic data from before December 1, 2019, and retaining it for over a year; and (3) that the Government executed warrantless searches of GCPP's property through the actions of unindicted co-conspirators of Ritchey, whom Plaintiff claims acted as the Government's "agents." *Id.* at 13-18.

The Complaint [1] seeks: (1) an order declaring that the Government exceeded the scope of the first warrant and directing it to "return and/or delete all copies of all records that were created prior to December 1, 2019 and after April 15, 2020;" (2) an order "declaring that the magistrate incorrectly found that probable cause existed that a violation of the DPA occurred prior to March 30, 2020," and directing the Government to "immediately return and/or delete all copies of such records that were created prior to March 30, 2020;" (3) an order declaring that the Government illegally retained all of the records that were not within the scope of the first warrant, whether that scope began on December 1, 2019, or March 30, 2020, and directing the Government to immediately return and/or delete all copies of such records; (4) an order declaring that the warrantless searches conducted by certain co-conspirators constituted government searches, "subject to the warrant requirement of the Fourth Amendment and that all of the evidence obtained by the government as a result of those searches must be returned and/deleted immediately;" and (5) "an order forbidding the government from using any illegally obtained records in any Court, for any purpose." *Id.* at 34-35.

On January 5, 2023, the Government filed the present Motion [9] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that while GCPP's

4

Complaint [1] was "nominally about recovering property," it was substantively "about suppression of evidence obtained in a criminal investigation that culminated in the prosecution of Gulf Coast's operator, Kenneth Ritchey." Mem. [10] at 1. The parties agree that because GCPP has not been indicted for a crime, the Court should apply the pre-indictment standard in deciding Plaintiff's petition for return of property under Rule 41(g).[1] *See* Mem. [13] at 5 (explaining that a pre-indictment standard should apply because "Ken Ritchey is not party to this action, and GCPP is not an indicted defendant."); Rebuttal [14] at 1-2 (describing the four-factor pre-indictment standard, citing *Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593, 598 (5th Cir. 2021), and *Richey v. Smith*, 515 F.2d 1239, 1241 (5th Cir. 1975)); *see generally* Sur-Reply [16] (applying the four-factor pre-indictment standard). The parties have not requested a hearing on this Motion [9]. *See generally* Mot. [19]; Mem. [10]; Resp. [12]; Mem. [13]; Rebuttal [14]; Sur-reply [16].

---

[1] The parties initially disagreed on what the pre-indictment standard requires. GCPP initially claimed that it required a showing that (1) the movant is entitled to lawful possession of the seized records and documents, and (2) the seizure was illegal. Mem. [13] at 4-5 (citing *Watts v. Kroczynski*, 636 F.Supp. 792, 796 (W.D. La. June 10, 1986)). However, the Court agrees with the Government that *Watts* is not binding authority, that it was never adopted or applied by any other court as a pre-indictment standard for the return of property, and that *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975), "and its progeny provide a much clearer, much more relied-upon standard [known as the "*Richey* factors"] for considering pre-indictment motions for return of property." Rebuttal [14] at 2. On Sur-Reply [16], GCPP abandoned the argument that a different standard should apply, and analyzed the *Richey* factors. Sur-Reply [16] at 1 (arguing that the Complaint [1] "satisfies the factors for consideration of a pre-indictment motion for return of property," and going on to address each *Richey* factor).

5

II. DISCUSSION

A. Relevant legal standards

1. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires a court to "assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. L.L.C.*, 624 F.3d 201, 210 (5th Cir. 2010) (citation omitted). However, a Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotation marks omitted) (quoting *In re Great Lakes*, 624 F.3d at 210).

In deciding a Rule 12(b)(6) motion, a district court is generally limited to considering the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "It is entirely proper for the Court to take judicial notice of

6

matters of public record when deciding a motion to dismiss," including records of court proceedings. *Assure Re Intermediaries, Inc. v. W. Surplus Lines Agency, Inc.*, No. 1:20-CV-189-H, 2021 U.S. Dist. LEXIS 110090, at *9 (N.D. Tex. June 11, 2021) (citing *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019), and *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981)).

2.   <u>Federal Rule of Criminal Procedure 41(g)</u>

GCPP's Complaint [1] has been brought pursuant to Federal Rule of Criminal Procedure 41(g), which empowers "a district court to entertain on equitable grounds a pre-indictment motion for return of property." *United States v. Law Offices of Brown & Norton (In re Search of Law Office, Residence, & Storage Unit)*, 341 F.3d 404, 409 (5th Cir. 2003) (discussing the previous Rule 41(e))[2]. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Where a Rule 41(g) petition is made "by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the . . . [C]ourt invoke its civil equitable jurisdiction." *United States v. Travalino*, No. PE:20-CV-00046-DC-DF, 2022 U.S. Dist. LEXIS 117473, at *7 (W.D. Tex. July 5, 2022)

---

[2] "The current Rule 41(g) is the equivalent of — and, for all intents and purposes, identical to — the old Rule 41(e)." *In re Merchs. & Marine Bank Accounts X9958 & X1525*, No. 1:19mc371-LG-JCG, 2019 U.S. Dist. LEXIS 129949, at *3 n.1 (S.D. Miss. Aug. 4, 2019).

(internal citations omitted), *report and recommendation adopted by* 2022 U.S. Dist. LEXIS 235162 (W.D. Tex. July 28, 2022); *see also In re Grand Jury Proceedings*, 724 F.2d 1157, 1160 (5th Cir. 1984) (citing *Richey,* 515 F.2d at 1243). In a pre-indictment Rule 41(g) petition, the movant bears the burden of proof, *id.*, and the Fifth Circuit counsels district courts to use "caution and restraint" in exercising its "anomalous jurisdiction," *Law Offices of Brown & Norton*, 341 F.3d at 409. A six-year statute of limitations applies to civil actions for the return of property pursuant to Rule 41(g). *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) (citing *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004) (applying six-year statute of limitations found in 28 U.S.C. § 2401(a) to a Rule 41(g) motion for return of property)).

Under the pre-indictment standard, a district court must consider four factors when deciding whether to grant a petition for return of property: (1) whether the petition accurately alleges that the government agents displayed a callous disregard for the rights of the plaintiff; (2) whether the plaintiff has an individual interest in and need for the material whose return he seeks; (3) whether the plaintiff would be irreparably injured by the denial of the return of the property; and (4) whether the plaintiff has an adequate remedy at law for the redress of his grievance (collectively, "the *Richey* factors"). *Harbor Healthcare Sys., L.P.*, 5 F.4th at 598 (citing *Richey*, 515 F.2d at 1243-44). After a careful review of the parties' submissions, the Court is of the opinion that the *Richey* factors weigh in favor of dismissal of GCPP's Complaint [1] for failure to state a claim.

B.  Analysis of the *Richey* factors

1.  Callous disregard of constitutional rights

The "callous disregard" factor requires a party to "show a clear deprivation of their constitutional rights." *Travalino*, 2022 U.S. Dist. LEXIS 117473, at *22-23 (citing, among others, *Koch Foods of Miss., LLC v. United States*, No. 3:19-CV-627-CWR-FKB, 2020 U.S. Dist. LEXIS 14610, at *6 (S.D. Miss. Jan. 29, 2020), and *Hunsucker v. Phinney*, 497 F.2d 29, 34 n.10 (5th Cir. 1974)). GCPP has failed to make any such showing.

Courts in this Circuit routinely hold that in the pre-indictment context, a party cannot meet this high standard where the Government's challenged actions were taken pursuant to a search warrant "issued in the normal manner." *See, e.g., Hunsucker*, 497 F.2d at 34 (finding no callous disregard because "the search in issue was conducted pursuant to a warrant issued in the normal manner"); *In re Search Warrant Executed on March 22, 2016*, No. 4:16-MJ-409, 2016 U.S. Dist. LEXIS 73026, at *18 (S.D. Tex. May 20, 2016) (same); *In re 5444 Westheimer Rd. Suite 1570*, No. H-06-238, 2006 U.S. Dist. LEXIS 48850, at *5-6 (S.D. Tex. July 6, 2006) (same). Despite any challenge GCPP wishes to make as to the validity of the search warrant or probable cause, absent allegations of fraud or deceit, the Government's seizure of property pursuant to the first and second warrants did not constitute callous disregard. *In re Merchs. & Marine Bank Accounts X9958 & X1525*, No. 1:19-mc-371-LG-JCG, 2019 U.S. Dist. LEXIS 129949, at *4-5 (S.D. Miss. Aug. 4, 2019) ("*Richey* suggests that the seizure of property by government agents . . . pursuant to

9

a search warrant subsequently challenged as invalid does not display a callous disregard for a plaintiff's constitutional rights," but that the Government's use of "fraudulent and deceitful methods" would) (citing *Richey*, 515 F.2d at 1244 n.8). GCPP does not argue that the first and second search warrants were issued outside of the normal manner, and it has failed to demonstrate fraudulent or deceitful methods, or any other wrongdoing, by the Government in executing the search warrants sufficient to demonstrate callous disregard.

Moreover, the Government's seizure and subsequent retention of electronic data allegedly outside of the temporal scope of the first warrant also fails to evince a callous disregard of GCPP's constitutional rights. As to this seizure, as GCPP recognizes, Federal Rule of Criminal Procedure 41(e)(2)(B) expressly contemplates that a warrant "may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information," as well as "a **later review** of the media or information consistent with the warrant." Sur-Reply [16] at 3 (citing Fed. R. Crim. P. 41(e)(2)(B) (emphasis added). As to the Government's retention of the allegedly out-of-scope property, GCPP further explains:

> Rule 41(e) requires a "two-step process" where "officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls *within the scope of the warrant*." Advisory Committee Note, Fed.R.Crim.P. [sic] 41, 2009 Amendment (emphasis added). However, there is necessarily a *third step* wherein the government must return and destroy its copy of non-responsive electronic data.

*Id.* (original emphasis). As primary support for its proposition that this third step "necessarily" exists, GCPP cites a dissenting opinion from a case decided by the

10

United States Court of Appeals for the Second Circuit. *Id.* at 3-4 (citing *United States v. Ganias*, 824 F.3d 199, 232 (2d Cir. 2016) (Chin, J. dissenting)). Notably, GCPP has not cited any binding or otherwise persuasive authority from this Circuit that the Government's retention of allegedly out-of-scope property "for more than one year," Compl. [1] at 16, constitutes "a **clear and definite** showing that constitutional rights have been violated," *see Hunsucker*, 497 F.2d at 34 n.10, as required by the first *Richey* factor.

Finally, GCPP fails to demonstrate callous disregard by the Government in what it alleges were "warrantless searches conducted by certain co-conspirators." Compl. [1] at 34-35. This Court has already held in the related criminal case, *United States v. Kenneth Bryan Ritchey,* Criminal No. 1:21-cr-6-HSO-RPM, that even if property pursuant to those specific searches was obtained improperly, it was nonetheless admissible in the criminal case pursuant to the independent source and inevitable discovery exceptions to the exclusionary rule. Ex. [1-3] at 137-139; *see* Order [84] denying Defendant Ritchey's Motion [45] to Suppress, *United States v. Kenneth Bryan Ritchey,* Criminal No. 1:21-cr-6-HSO-RPM (Apr. 14, 2022).[3]

2.   <u>Individual interest and need</u>

Apart from alleging Fourth Amendment privacy interests, the Complaint [1] fails to plead any individual interest in or need for the property sought to be

---

[3] In ruling on the Motion [45] to Suppress in the related criminal case, this Court considered many of the same arguments raised in GCPP's Complaint [1] and the Government's present Motion [9] pertaining to warrantless searches by co-conspirators. *See, e.g.,* Ex. [1-3] at 112-14 (discussing third party consent); *id.* at 119-20, 137-39 (discussing the doctrines of independent source and inevitable discovery); *id.* at 129-30 (discussing third party doctrine and waiver of privacy).

returned.[4] Indeed, the Government has asserted, and GCPP does not dispute, that GCPP has copies of all of the property seized and currently in the possession of the United States. Mem. [10] at 9. The Court is of the opinion that this factor weighs against GCPP, but that even if it were to assume that GCPP has adequately demonstrated an individual interest in and need for the seized property, the weight of the remaining *Richey* factors still weighs in favor of dismissal. *See Flores v. Goldsmith*, No. 5:02mcl, 2002 U.S. Dist. LEXIS 21686, at *12 (E.D. Tex. Aug. 14, 2002) (assuming that the second *Richey* factor weighed in favor of the Petitioner but granting the motion to dismiss Rule 41(g) complaint based on the weight of the remaining factors), *report and recommendation adopted by* 2002 U.S. Dist. LEXIS 21657 (E.D. Tex. Sept. 12, 2002)).

3.  Irreparable injury

"While the thrust of [GCPP's] presentation to the Court was upon the legality of the search and seizure, the Court must determine whether [it] has adequately demonstrated that [it] would be irreparably injured by denial of the return of the property." *Flores*, 2002 U.S. Dist. LEXIS 21686, at *12. The Court is of the opinion that GCPP has failed to allege any irreparable harm, and that it has instead "focused primarily on another ineluctable element of a Rule [41(g)] motion, the legality of the search and seizure . . . to the virtual exclusion of necessary equitable considerations." *In re Search Warrant*, 684 F. Supp. 1417, 1419-20 (N.D. Tex. 1988).

---

[4] The Court notes that "claims and allegations that are not raised in the complaint, but raised for the first time in a **response** to a motion to dismiss are not properly before the court." *John Roe, A# 075-475-480 v. U.S. Dep't of Homeland Sec.*, No. 3:19-cv-2595, WL 4456528, at *3 n.3 (N.D. Tex. July 13, 2020) (collecting cases; emphasis added).

GCPP relies on *Harbor Healthcare Sys., L.P.*, to support its position that the alleged ongoing violations of its Fourth Amendment privacy interests by way of the Government retaining its illegally seized property constitute irreparable harm. *See* Mem. [13] at 5-6; Sur-Reply [16] at 9-10 (citing *Harbor Healthcare Sys., L.P.*, 5 F.4th at 595). The Court notes that *Harbor Healthcare Sys., L.P.* involved ongoing violations of attorney-client privilege specifically, and is not broadly applicable to any and all allegations of a Fourth Amendment violation. *See Harbor Healthcare Sys., L.P.*, 5 F.4th at 595. In *In re Search Warrant,* the district court explained that allegations of constitutional deprivation alone do not establish a presumption of irreparable harm:

> Barton does contend . . . that irreparable harm need not be shown where an alleged deprivation of a constitutional right is involved. Barton relies upon a learned treatise in support of this contention. **If this proposition is correct in the Rule 41(e) context, however, several courts, including the Fifth Circuit, have erected unnecessary equitable requirements that could have been dispensed with on the ground that, because Rule 41(e) necessarily involves a claimed constitutional deprivation, irreparable injury may be presumed upon proof of a constitutional violation. That the courts have not done so,** *cf., e.g., Richey*, 515 F.2d at 1243-44, is evidence that they reject Barton's argument.

684 F. Supp. at 1420 n.3 (N.D. Tex. 1988) (emphasis added).

The Government's willingness to provide copies of all property seized also cuts against a showing of irreparable harm. *Id.* at 1421 ("If the government agrees to return originals and/or copies of documents, it is difficult to envision that movants can comply with the irreparable injury standard."); *see also Flores*, 2002 U.S. Dist. LEXIS 21686, at *14 ("Petitioner seems to suggest he would be

13

irreparably harmed, even if he received copies of the property, because there will be no future prohibition on their use against him in any future civil or criminal trial. Not only is the Court concerned that the mere threat of indictment is insufficient to show irreparable harm, but the Court is also convinced Rule 41(e) does not allow preindictment suppression of evidence.").

Finally, the Court is of the opinion that the fact that *nearly two-and-a-half years* elapsed between the execution of the first search warrant, at which GCPP's current counsel was present, and GCPP's filing of the present action for the return of property seized, weighs heavily against a finding of irreparable harm. *See Dillard v. Sec. Pac. Corp.*, No. 95-20503, 1996 U.S. App. LEXIS 44584, at *11 (5th Cir. Apr. 18, 1996) ("Dillard cannot prove irreparable injury . . . because he waited nearly six years to request injunctive relief, strongly implying that delay was not causing irreparable harm.").

4. Adequate remedy at law

Lastly, GCPP has failed "to demonstrate the lack of an adequate remedy at law for the redress of [its] grievance," especially where the Complaint [1] specifically seeks not merely the return of property, but the broad remedy of its suppression in any proceedings in any court. *Flores*, 2002 U.S. Dist. LEXIS 21686, at *23; Compl. [1] at 34-35 (seeking "an order forbidding the government from using any illegally obtained records in any Court, for any purpose").

It is well-established that "[t]he exclusionary rule provides the typical remedy for Fourth Amendment violations: suppression of the evidence at trial."

14

*United States v. Mendez*, 885 F.3d 899, 909 (5th Cir. 2018). GCPP "may move for suppression in the event an indictment or information is filed," and the "validity of the search may be challenged by Petitioner in a motion to suppress evidence under Rule 12 should an indictment be returned." *Flores*, 2002 U.S. Dist. LEXIS 21686, at *23-24; *see also Law Offices of Brown & Norton*, 341 F.3d at 412 n. 37 (discussing how *United States v. Calandra*, 414 U.S. 338, 349 n.6 (1974), noted that "remedies for an illegal search and seizure include a *Bivens* action against the officers who conducted the illegal search and a post-indictment motion for suppression and return of illegally-seized property," but "noticeably omitted from mention the possibility that Rule 41(e) could ever be used by the victim of an illegal search to suppress evidence pre-indictment"). For these reasons, the last *Richey* factor weighs in favor of dismissal.

Because GCPP has failed to establish that any of the *Richey* factors weigh in its favor, its Complaint [1] fails to state a claim under Rule 41(g) and the present action should be dismissed with prejudice pursuant to Rule 12(b)(6). "

### III.  CONCLUSION

Because the *Richey* factors do not counsel in favor of this Court exercising jurisdiction to order the return of GCPP's property seized by the Government, the Motion [9] to Dismiss should be granted. *See Merchs. & Marine Bank Accounts X9958 & X1525*, 2019 U.S. Dist. LEXIS 129949, at *8. To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant the United States of America's Motion [9] to Dismiss Plaintiff Gulf Coast Pharmaceuticals Plus's Complaint [1] seeking the return of property pursuant to Federal Rule of Criminal Procedure 41(g) is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Gulf Coast Pharmaceuticals Plus's Complaint [1] is **DISMISSED WITH PREJUDICE.** The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 26th day of April, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE